Southern Express Company v. Marks Rothenberg et al.

[40. South. Rep., 65.]

Carriers. *Express companies. Stipulations against liability. Public policy. Negligence of railroad company. Limiting amount of liability.*

Stipulations in the contract of an express company for the carriage of goods are violative of public policy, and void, which provide:

(*a*) That the negligence of the railroad company over whose road the goods are to be carried shall not be imputed to the express company; and

(*b*) That, however great the value of a shipment, the express company's liability for its loss shall not exceed fifty dollars.

From the circuit court of Lauderdale county.

Hon. Robert F. Cochran, Judge.

Rothenberg and others, appellees, doing business under the firm name of Marks Rothenberg & Co., were plaintiffs in the court below; the express company, the appellant, was defendant there. From a judgment in plaintiffs' favor defendant appealed to the supreme court.

The agreed statement of facts on which this case was tried is, in substance, as follows: Marks Rothenberg & Co. shipped a certain bill of goods from New York, consigning them to themselves at Meridian. The goods were delivered to the Adams Express Company, and a receipt given to the agent of the plaintiff—who did not read it—which receipt contained the following stipulation, among others:

"The care to be exercised in transporting property, and the reasonable compensation for its carriage, depends largely on its nature and value, and the company's charges for forwarding are proportioned to the value of the property delivered to it to be forwarded, and to some extent based on that value,

which is an important element in fixing its charges. It is part of the consideration of this contract, and it is agreed, that the said express company is a forwarder only, and is not to be held liable or responsible for any loss or damage to said property while being conveyed by the carriers to whom the same may be by said express company intrusted, or arising from the dangers of railroad, ocean, or river navigation; steam; fire in stores, depots, or in transit; leakage, or from any cause whatever, unless in every case the same be proved to have occurred from the fault or gross negligence of the express company or its servants; nor in any event shall the holder hereof demand beyond the sum of fifty dollars, at which the above property forwarded is hereby valued, unless otherwise herein expressed, or unless specially insured by him, and so specified in this receipt, which insurance shall constitute the limit of liability of the Adams Express Company. And if the same is intrusted or delivered to any other express company or agent (which said Adams Express Company is hereby authorized to do), such company or person so selected shall be regarded exclusively as agent of the shipper or owner, and as such alone liable, and the Adams Express Company shall not be, in any event, responsible for the negligence or nonperformance of any such company or person, and the shipper and owner hereby severally agree that all the stipulations and conditions in this receipt contained are incident to and inure to the benefit of each and every company or person to whom the Adams Express Company may intrust or deliver the above-described property for transportation, and shall define and limit the liability therefor of said other company or person, it being understood that this company relies upon the various railroads and steamboat lines of the country for its means of forwarding property delivered to it to be forwarded."

The goods were, in turn, delivered by the Adams Express Company to the Southern Express Company, and, while being transported by the last-named company over the Alabama Great

Southern Railway Company's railroad, were destroyed in a wreck on that road.

*Miller & Baskin,* for appellant.

The negligence of the railroad company cannot be imputed to the appellant in this case, because of the express agreement that the said goods were destroyed without its fault or negligence. It had no control over the railroad, and, therefore, was not responsible for its acts. The express agreement exonerates the appellant from any negligence of the railroad company, and it also exonerates by its very terms any presumption in law or in fact that the appellant was guilty of any negligence; in fact, it expressly agrees that the appellant was without fault or negligence in the handling of said package, and by the very terms of the agreed state of facts the appellant is not liable in excess of fifty dollars—the agreed value of the property.

Because of the terms of the agreed state of facts, the doctrine of imputed negligence has no place in this case, and without the application of this doctrine the appellees' judgment should have been restricted to fifty dollars. *Express Co.* v. *Hunnycutt,* 54 Miss., 566; *Kirkland* v. *Dinsmore,* 20 Am. St. Rep., 475; *Germania, etc., Co.* v. *M. & C. R. R. Co.,* 28 Am. St. Rep., 113.

*Fewell, Bozeman & Fewell,* for appellees.

No authority need be adduced in support of the proposition that an express company is a common carrier, and, as such, liable as an insurer of goods against all loss except such as may result from the act of God or of the public enemy; nor is it necessary to cite authorities to the effect that it cannot limit its liability for negligence by contract. Even if there had been no connection whatever between the express company and the railroad company, the express company would have been liable, as an insurer, for the acts of the railroad company—that is, for permitting the railroad company to cause the destruction of the goods. But the railroad company was the servant, or agent, of

the express company, and the latter was bound to answer for the negligence of the railroad company. *Bank of Kentucky* v. *Adams Express Co.*, 93 U. S., 174; see, also, note to *Chicago, etc., R. R. Co.* v. *Calumet, etc., Farm,* 88 Am. St. Rep., 101, and cases there cited; *Hooper* v. *Wells, Fargo & Co.*, 85 Am. Dec., 212.

The contract limiting the liability to fifty dollars was imposed on the shipper; the receipt was not read, and the provision was not assented to. In some jurisdictions it has been held that when such a contract has been assented to, it is binding. But in Mississippi such a contract is contrary to the public policy, and, therefore, void. *Telegraph Co.* v. *Wells,* 82 Miss., 733 (s.c., 35 South. Rep., 190); *Hughes* v. *Pa. R. R. Co.*, 97 Am. St. Rep., 713; *Grogan* v. *Express Co.*, 60 Am. St. Rep., 360.


WHITFIELD, C. J., delivered the opinion of the court.

The principles which make the action of the court below correct in this case have long been settled. The stipulations in the contract that the negligence of the railroad company could not be imputed to the express company, and that the liability of the express company should be only fifty dollars, no matter how great the value of the package lost, are both in plain violation of the public policy of this state. *Telegraph Co.* v. *Wells,* 82 Miss., 733 (35 South. Rep., 190); *Hughes* v. *Pa. R. R. Co.* (Pa.), 97 Am. St. Rep., 713, and note; *Bank of Kentucky* v. *Adams Express Co.*, 93 U. S., 174 (23 L. ed., 872). See, specially, the note to *Chicago, etc., R. R. Co.* v. *Calumet, etc., Farm* (Ill.), 88 Am. St. Rep., 101.

*Affirmed.*